United States District Court
District of Massachusetts

```
_____ )
CGI FINANCE, INC.,              )
        Plaintiff,              )
                                )
        v.                      )   Civil Case No.
                                )   12-12417-NMG
M/Y COACH                       )
        Defendant,              )
                                )
                                )
FREDERICK V. McMENIMEN, III,    )
        Interested Party.       )
_____ )
```

## MEMORANDUM & ORDER

**GORTON, J.**

Frederick V. McMenimen, III ("McMenimen") has moved the Court to release the vessel M/Y Coach into his custody after it was seized in accordance with a motion to attach filed by plaintiff CGI Finance, Inc ("plaintiff" or "CGI") which alleged he had defaulted on a loan.

## I.  Background

On May 26, 2004 "McMenimen", entered into a Marine Note and Security Agreement ("the Note") for a loan on the subject vessel M/Y Coach.  The Note was subsequently assigned to CGI.

On March 6, 2012, McMenimen filed for Chapter 13 bankruptcy. Because McMenimen was unable to engage in reaffirmation or redemption under the Bankruptcy Code counsel for McMenimen and

CGI entered into negotiations to modify the loan agreement for the supposed purpose of allowing McMenimen to remain in possession of the vessel.  McMeninmen was residing on the vessel as a live-aboard owner at the Constitution Marina in Charlestown, Massachusetts.

The parties dispute whether a modification agreement was ever entered into.  McMenimen asserts that counsel for CGI drafted a Loan Modification Agreement ("the Agreement") and sent a copy to counsel for McMenimen.  The copy of the Agreement provided to McMenimen was already signed by an authorized representative of CGI and dated September 17, 2012.  Under the terms of the Agreement the first monthly payment of $1,000 was due on or before September 25, 2012.  Default was to occur if payment was "ever 31 days past due or more." In his affidavit McMenimen avers that he signed the Agreement on October 11, 2012, and mailed it directly to CGI along with the first payment of $1,000.  At that time he had received no communication from CGI that the offer had been revoked.

On the morning of October 18, 2012, counsel for McMenimen sent a copy of the Agreement signed by McMenimen to counsel for CGI.  Several hours later, counsel for CGI sent an email to McMenimen's counsel in which he indicated that he had received nothing in writing and that "there is no agreement with Mr. McMenimen."  CGI contends that this email served as a valid

-2-

revocation of its offer.

On the same day, McMenimen contacted CGI by telephone and spoke with an individual named "Terry" who confirmed that the Agreement was in effect.  In reliance on that communication McMenimen mailed additional payments of $1,000 on November 11 and during the first week of December.  CGI did not accept or cash any of those checks.

CGI sent McMenimen a "Notice of Intention to Repossess Vessel" dated October 31, 2012.  That letter was sent to McMenimen's former address and, as a result, he did not receive the Notice until December 4, 2012.  The following day he contacted Geoff Kreller ("Kreller") at CGI to inquire why his payments had not been deposited.  Kreller indicated that CGI had received the payments but that "issues" in McMenimen's background had "changed the deal."  Presumably Kreller was referring to the fact that McMenimen had been indicted in the District of New Hampshire in October, 2012.  On December 14, 2012, CGI sent a letter to McMenimen and his counsel indicating that the "modification agreement...is null and void."

## II.  Procedural History

Plaintiff filed its Complaint seeking foreclosure and the balance due under the Note which was in default on December 28, 2012 (Docket No. 1) pursuant to the Court's Admiralty jurisdiction.  On January 7, 2013, in response to plaintiff's

-3-

motion, the Court ordered the issuance of a maritime warrant for arrest and appointed National Maritime Services as custodian for the vessel (Docket Nos. 9 and 10).

On January 11, 2013, after the vessel had been seized, defendant filed an Answer to the Complaint and an emergency demand for release of the vessel (Docket No. 11).  The Court treated that demand as an emergency motion (Docket No. 12).  It held a hearing on January 14, 2013, took the matter under advisement and directed the parties to brief the issue of whether they had entered into a valid loan modification agreement.  The Court also ordered plaintiff to file a $50,000 bond with the Court as security for potential cross claims by defendant for wrongful eviction or damages.

**III. <u>Motion to Release Vessel</u>**

McMenimen seeks to have the Court order the release of the vessel and return custody to him on the ground that he had entered into and complied with a valid loan modification agreement which CGI violated when it seized the vessel.

"Until a contract comes into existence the [offeror] can withdraw the offer."  <u>Elliott v. Kazajian</u>, 255 Mass. 459, 461 (1926)(collecting cases).  Revocation of an offer is, however, effective only when that revocation is made known to the offeree. <u>Brauer</u> v. <u>Shaw</u>, 168 Mass. 198, 200, 46 N.E. 617 (1897)("to disable the plaintiffs from accepting their offer, the defendants

-4-

should bring home to them actual notice that it has been revoked.") Thus, if the offeree accepts the offer before he receives notice of the revocation, a valid contract is formed. Id.

Here CGI sent McMenimen a signed draft agreement, thereby constituting an offer. On October 11, 2012, McMeninmen signed the Agreement and mailed it to CGI along with the first $1,000 due under the Agreement. Furthermore, on the morning of October 18, 2012, counsel for McMenimen sent a fully executed copy of the Agreement to CGI. CGI did not attempt to revoke the offer until the afternoon of October 18. Thus, McMenimen had clearly accepted CGI's offer prior to receiving notice of CGI's intent to revoke. As a result, the Agreement was not revoked and is in full force and effect. McMeninmen performed under the terms of the Agreement when he mailed his monthly payments. Because he had complied with the terms of the Agreement he was not in default and CGI did not have grounds to have the boat seized.

**ORDER**

According to the foregoing, defendant's motion for emergency release of the vessel (Docket No. 11) is **ALLOWED**.  National Maritime Services shall forthwith return custody of the vessel to defendant and plaintiff shall accept payment from defendant in accordance with the loan modification agreement.

**So ordered.**

 /s/ Nathaniel M. Gorton

Nathaniel M. Gorton
United States District Judge

Dated February    , 2013